Youssef H. Hammoud (SBN:321934)
**THE CREDIT ATTORNEY, INC.**
601 N. Parkcenter Dr., Suite 202
Santa Ana, CA 92705
T: 949-301-9692
F: 949-301-9693
E: yhammoud@thecreditattorney.com

*Attorney for Plaintiff,*
*Kaitlyn Schroeder*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KAITLYN SCHROEDER,<br><br>    Plaintiff,<br>vs.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>    Defendants. | Case No.: 2:25-cv-12444<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**<br><br>1. **ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, et. seq.** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kaitlyn Schroeder ("Plaintiff"), through her attorney, alleges the following against JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") for violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et. seq.

**INTRODUCTION**

1.  The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15

U.S.C. § 1693(b). EFTA's "primary objection...is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d- 1.

4. KAITLYN SCHROEDER ("Plaintiff"), by Plaintiff's attorney, brings this action to challenge the actions of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Defendant" or "CHASE") with regard to an unauthorized electronic funds transfer.

5. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

7. As a result of Defendant's violations of the EFTA, Plaintiff has suffered a range of actual damages including, without limitation, loss of time and money; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

10. Plaintiff, Kaitlyn Schroeder, is natural person residing in Warren, Michigan.

2. Plaintiff is a natural person who resides in Macomb County, State of Michigan, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

12. Defendant routinely engages in the practice of electronic fund transfers as defined by 15 U.S.C. 1693a(7).

13. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9).

14. Defendant is a corporation doing business in the County of Macomb, State of Michigan, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant can be served through its agent for service of process, The

COMPLAINT AND DEMAND FOR JURY TRIAL

Corporation Company, located at 40600 Ann Arbor Rd E, STE 201, Plymouth, MI 48170.

## FACTUAL ALLEGATIONS

15. On October 3, 2024, Plaintiff received a phone call from a number displaying as JPMorgan Chase Bank (1-800-848-9136) at approximately 4:36 PM EST.

16. The caller claimed to be a Chase representative from the fraud department warning Plaintiff of attempted fraud on her account.

17. The purported Chase representative informed Plaintiff that an individual named Melissa Brown was trying to access her funds and that Chase had intercepted the fraud attempt.

18. The purported Chase representative stated that Chase was protecting her by locking down the account.

19. Plaintiff began to comply with the purported Chase representative's instructions after looking up the phone number online and confirming that it matched Defendant CHASE's official customer service number.

20. The purported Chase representative stated he would send a verification code and asked Plaintiff to read it aloud in order to "activate protective blocks" and "file a police report" on her behalf.

21. Plaintiff received the code and provided it to the purported Chase representative.

22. The purported Chase representative subsequently asked Plaintiff for additional sensitive information, including her date of birth and Social Security number.

23. Plaintiff stated that if this was Chase calling her, they would have that information.

24. The call was transferred to a person claiming to be a Chase supervisor, who correctly stated her date of birth.

25. Based on this and the caller's ability to correctly state her date of birth, Plaintiff continued to trust the legitimacy of the call.

26. While still on the call, Plaintiff began receiving suspicious emails from Remitly welcoming her as a new customer and referencing large money transfers.

27. The purported Chase representative explained that these alerts had previously been blocked by "Melissa Brown" and were only appearing now due to Chase lifting the fraudulent restrictions.

28. The emails from Remitely referenced two large wire transfers in the amount of RD293,167.85 Dominican Pesos and RD293,632.85 Dominican Pesos, both made to a person named Juan Perez.

COMPLAINT AND DEMAND FOR JURY TRIAL

29. Plaintiff became increasingly nervous and began to express doubts to the purported Chase representative.

30. In response, the purported Chase representative began reading off Plaintiff's legitimate recent transaction history on her Chase accounts as proof of his identity and affiliation with Chase.

31. Unbeknownst to her, the fraudster had already obtained access to Plaintiff's online banking platform and was initiating unauthorized electronic fund transfers using her account information.

32. Around this time, Plaintiff received a fraud alert text from Chase indicating a $4,985.00 declined charge at Remitly.

33. The purported Chase representative instructed Plaintiff to respond "Yes" to the text in order to "block the fraud attempt" and activate protections.

34. Plaintiff, still believing that she was talking to a legitimate Chase representative, complied and responded "Yes."

35. Just as the purported Chase representative was requesting a new verification code from another money transfer platform, Plaintiff's fiancé, Tyler, arrived home.

36. Tyler, suspicious of the interaction, took the phone and began questioning the purported Chase representative directly.

37. When Tyler asked for a case number or proof of Chase's identity, the purported Chase representative evaded the question and insisted on receiving additional verification codes first.

38. Tyler stated he would call Chase back and immediately terminated the call.

39. Within 60 seconds, Plaintiff and Tyler placed an outbound call to Chase Bank's fraud department.

40. While speaking with Chase, Plaintiff witnessed in real time two $4,985.00 charges being debited from her account.

41. The individual who purported to be the Chase representative had obtained access to Plaintiff's bank account and was initiating electronic fund transfers that were not authorized by the Plaintiff.

42. Further, the Plaintiff received no benefit from any of the unauthorized electronic fund transfers initiated by the fraudster.

43. During the outbound call to Chase, Plaintiff was informed that the bank had not contacted her and confirmed that she had been the victim of a scam.

44. Plaintiff proceeded to file a fraud claim with Chase related to the unauthorized transactions

45. Plaintiff also learned that the fraudster had submitted an application for a credit card in her name, ending in 7592.

COMPLAINT AND DEMAND FOR JURY TRIAL

46. During the call with Chase, Plaintiff disputed the credit card application as fraudulent.

47. On or about October 3, 2024, Chase sent Plaintiff a letter indicating that it was "committed to protecting you from fraud, so we closed the account" ending in 7592.

48. Chase issued provisional credits of $4,985.00 for each claim on or about October 7 and 8, 2024, but reversed both credits on October 24 and November 15, 2024, respectively, without proper notice or providing a copy of the investigative findings.

49. When Plaintiff followed up to dispute the reversal of the provisional credits and Chase's findings that Plaintiff authorized the fraudulent transactions, she was instructed to obtain and submitt a police report and a completed identity theft affidavit so that the matter could be reinvestigated again.

50. Plaintiff did as she was instructed faxed the documents from a Chase branch in Detroit, Michigan in early November 2024.

51. Chase denied the claim again and refused to allow Plaintiff to submit additional materials or escalate the matter further.

52. Plaintiff was informed the case was permanently closed and could not be reopened.

53. At no point did Chase fulfill its obligations under 15 U.S.C. § 1693f, including conducting a reasonable investigation, providing a timely written explanation, or permanently crediting the disputed amounts.

54. As a result of Defendant's failure to comply with EFTA protections, Plaintiff has suffered actual financial loss totaling $9,970.00, and emotional distress and mental pain and anguish, including but not limited to, fear, anxiety, sleepless nights and confusion.

## COUNT I
## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. § 1693, ET SEQ. (EFTA)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant violated the EFTA, including but not limited to 15 U.S.C. § 1693f, by failing to investigate and resolve Plaintiff's timely notice of error regarding unauthorized electronic fund transfers.

57. Plaintiff notified Defendant about the unauthorized transfer(s).

58. Defendant failed to conduct a reasonable investigation and failed to resolve the dispute within the timelines required by the statute.

59. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

60. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); treble damages and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a. An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;

b. An award of treble damages pursuant to 15 U.S.C. § 1693f;

c. An award of statutory damages of in an amount of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;

d. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

e. Awarding Plaintiff any pre-judgment and post judgment interest as may be allowed under the law; and

f. Any and all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

|   |   |
|---|---|
|   | Respectfully Submitted, |
| Dated: August 06, 2025 |   |
|   | **THE CREDIT ATTORNEY, INC.** |
|   | /s/*Youssef H. Hammoud* |
|   | Youssef H. Hammoud, (SBN #321934) |
|   | 601 N. Parkcenter Dr., Suite 202 |
|   | Santa Ana, CA 92705 |
|   | T: (949) 301-9692 |
|   | F: (949) 301-9693 |
|   | E: yhammoud@thecreditattorney.com |
|   |   |
|   | *Attorney for Plaintiff,* |
|   | *Kaitlyn Schroeder* |

COMPLAINT AND DEMAND FOR JURY TRIAL